

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 5, 1960

Honorable Zollie Steakley
Secretary of State
State Capitol
Austin, Texas

Opinion No. WW-871

Re: Authority of the
Secretary of State to
accept and file the
application for Certi-
ficate of Authority of
Panhandle Telephone Co-
Operative, Inc., a
foreign corporation,
which proposes to fur-
nish rural telephone
service and related
questions.

Dear Mr. Steakley:

You have requested our opinion on three questions.
The first concerns the authority of your office to accept and
file an application for a Certificate of Authority submitted
by Panhandle Telephone Co-Operative, Inc., a non-profit corpora-
tion chartered in Oklahoma pursuant to the provisions of 18 Okla.
Stat. 43.81, et seq. The purpose for which the company proposes
to transact business in Texas is "to furnish telephone service
in rural areas to the widest practicable number of users of such
service; provided there shall be no duplication of service where
reasonable and adequate telephone service is available." Should
we conclude that your office has no authority to file such ap-
plication, you then inquire as to whether or not the corporation
can lawfully engage in business in Texas without a Certificate
of Authority. Your third question is whether or not the corpora-
tion will be required to file a return and pay the franchise
taxes required under Chapter 12 of Title 122A (H.B. 11, Acts 56th
Legislature, Third Called Session 1959) regardless of whether or
not it may be required to obtain Certificate of Authority.

Article 1528c, V.C.S.T. (Acts 1950 - 51st Legisla-
ture-First Called Session, page 33, Chapter 4) authorizes the
incorporation of "co-operative, non-profit corporations. . .
for the purpose of furnishing telephone service in rural areas
to the widest practical number of users of such service; pro-
vided there shall be no duplication in service where reasonable,
adequate telephone service is available." Consequently, the

business of furnishing rural telephone service, being a lawful purpose for which corporations could be organized prior to the passage of either the Business Corporation Act or the Non-Profit Corporation Act, is a lawful purpose today unless either of these Acts prohibits the formation of such companies. The Business Corporation Act, Art. 2.01, Sec. A, provides that corporations "for the purpose of operating non-profit institutions" may not adopt or be organized under the Act. Moreover, Sub-paragraph (4)(g) of Section B of Article 2.01 provides that co-operatives or limited co-operative associations may not be organized under the Act or obtain authority to transact business in this State under same.

An even more pointed prohibition is found in Paragraph B, Article 2.01 of the Non-Profit Corporation Act (Acts 1959-56th Legislature, Chapter 162) which provides that "this Act shall not apply to any corporation nor may any corporation be organized under this Act or obtain authority to conduct its affairs in this state under this Act. . . (3) . . . if any one or more of its purposes for the conduct of its affairs in this state is to organize telephone co-operative corporations." In the face of this specific language we conclude that your office has no authority to accept and file the application in question under the Non-Profit Corporation Act. However, any doubts as to whether or not Art. 1528c was repealed by the passage of the Non-Profit Corporation Act are removed by Article 10.05, Paragraph B of the Act which provides:

"Except as provided in Article 10.06 of this Act, any limitations, obligations, liabilities and powers applicable to a particular kind of corporation, for which special provision is made by the laws of this state, shall continue to be applicable to any such corporation and this Act is not intended to repeal and does not repeal the statutory provisions providing for these special limitations, obligations, liabilities and powers."

If, then, the Panhandle Telephone Co-Operative, Inc. cannot obtain a Certificate of Authority to transact business in this state by virtue of either the Business Corporation Act or the Texas Non-Profit Corporation Act, the question arises as to whether or not there is any authority under which your office might issue such a certificate. Prior to the passage of the Texas Business Corporation Act and the Non-Profit Corporation Act, Chapter 19 of Title 32 (Art. 1529, V.C.S.) of the laws of the State of Texas provided the method and manner in which foreign corporations could qualify to do business in Texas. Article 1529 thereof eliminates foreign non-profit corporations from the purview of Chapter 19 by providing that

"any corporation for pecuniary profit,. . .shall file with the Secretary of State a duly certified copy of its Articles of Incorporation; and thereupon such official shall issue to such corporation a permit to transact business in this state . . ." Consequently, prior to the passage of the Texas Business Corporation Act and the Non-Profit Corporation Act, there were no provisions whereby a foreign corporation not for pecuniary profit could obtain a permit to do business in this state (see City of San Antonio v. Salvation Army, 127 S.W. 860) and such corporations could carry on their activities in this state without obtaining such a permit. Vol. 1 Prentice Hall Corporation Law Guide, page 3300. This, of course, is no longer true for foreign non-profit corporations covered by the Non-Profit Corporation Act. For those which are not it remains the law, primarily by virtue of the principle of comity.

As stated in Attorney General Opinion V-746 by Honorable Price Daniel, "it is a well settled rule of law that under the doctrine of comity and in the absence of any prohibitory law or rule of public policy, foreign corporations are entitled to enter a state and make any contracts or transact any business therein falling within the scope of their lawful corporate powers which are permitted to domestic corporations of like kind and character. In accordance with this rule, if the laws of a state prohibit the formation of domestic corporations of a specific character, or for certain purposes, its policy is controlling; and a foreign corporation of that character or created for such purposes would not be allowed to enter the state and transact business therein. However, an intention to exclude foreign corporations from the state is not to be deduced from circumstances that the laws of the state have made no provisions for domestic corporations of like character. And in the absence of expressed constitutional or statutory inhibition, foreign corporations may enter a state and engage in business therein under the rule of comity notwithstanding they are organized in accordance with methods which do not obtain in such state." Opinion V-746 dealt with a situation in which a foreign corporation organized for pecuniary profit, but without capital stock, desired to obtain a certificate to do business in Texas. Article 1530 of the then applicable statutes required that before a Certificate of Authority be issued the corporation must show to the satisfaction of the Secretary of State that at least $100,000 in cash of its authorized capital stock had been paid in or that fifty per cent (50%) of its authorized capital stock had been subscribed. In accordance with the quoted language above, Opinion V-746 concluded that the foreign corporation could obtain a certificate of authority to do business in Texas despite its inability to meet the requirements of Article 1530. In the instant situation, we find no constitutional or statutory prohibition against corporations of the type in question.

Rather, there exists a special act, Article 1528c, which authorizes the formation of domestic corporations of the identical type. Although making no specific provisions for the obtaining of a certificate of authority by foreign corporations of this type, Article 1528c assumes that foreign corporations will transact business in this state under its authority. For example, Section 6a(1) provides "the words 'telephone co-operative' shall not be used in the corporate name of corporations organized under the laws of this state, or authorized to do business herein, other than those organized pursuant to provisions of this Act." Section 23, sub-paragraph (b) provides that "a corporation may not otherwise sell . . . a substantial portion of its property unless such sale . . . is authorized by an affirmative vote of not less than two-thirds (2/3) of all the members of the corporation; provided, however . . . the Board of Directors may . . . sell, lease or otherwise dispose of all or a substantial portion of its property to another corporation <u>or a foreign corporation doing business in this state pursuant to this act</u>. . ." Similar language may be found in Section 25.

On the basis of the foregoing, in answer to your questions 1 and 2, we hold that the Secretary of State has no authority to accept and file the application of the Panhandle Telephone Co-Operative, Inc. for a Certificate of Authority to engage in business in this state for the above state purpose. We also hold that the corporation may lawfully engage in business in Texas without a certificate of authority.

In answer to your third question, it is the opinion of this office that the corporation must file a return and pay the franchise taxes required under the provisions of Chapter 12 of Title 122a, H. B. 11, Acts 56th Legislature, Third Called Session, 1959, if it does business in this state. Article 12.01(1) provides that "except as herein provided, every domestic and foreign corporation heretofore or hereafter chartered or authorized to do business in Texas <u>or doing business in Texas</u>, shall, on or before May 1st of each year, pay in advance to the Secretary of State a franchise tax for the year following which shall be based on whichever of the following shall yield the greater tax. . ." Obviously, the Legislature contemplated that there would be situations in which a corporation may not have been chartered under the laws of this state, or have secured a permit to do business under the laws of this state, but yet might be doing business here for purposes of paying a franchise tax.

## SUMMARY

The Secretary of State has no authority to accept and file the application of the Panhandle

Telephone Co-Operative, Inc., for a Certificate of Authority to engage in business in this state for the stated purpose. The corporation may lawfully engage in the business which it proposes in Texas without a Certificate of Authority, but must file a return and pay the franchise taxes required.

Very truly yours,

WILL WILSON
Attorney General of Texas

By R. V. Loftin, Jr.
Assistant

RVL:lmc:bh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Morgan Nesbitt
Fred B. Werkenthin
Wallace P. Finfrock

REVIEWED FOR THE ATTORNEY GENERAL
BY:
Leonard Passmore